**James Antonio OVERSTREET, Petitioner—Appellant,**

v.

**Edward S. ALAMEIDA, Jr., Warden, Respondent—Appellee.**

No. 02–17124.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided June 3, 2004.

James Antonio Overstreet, Represa, CA, pro se.

Carolyn M. Wiggin, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Robert R. Anderson, Depty. Atty. Gen., Catherine Tennant, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: THOMPSON, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

1. Petitioner James Antonio Overstreet's attorney was not ineffective for failing to object to the state trial court's ruling that the deliberating jurors could not view his tattoos. As Overstreet's attorney did not seek to introduce Overstreet's tattoos into evidence during trial, and a jury may only consider facts admitted into evidence during trial, an objection to the court's denial of the jury's request

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

would have been futile. *See Turner v. Louisiana,* 379 U.S. 466, 472–73, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965) (noting that the Sixth Amendment requires a trial by jury in which the jury verdict must be determined solely upon evidence admitted during the evidentiary portion of the trial); *see also James v. Borg,* 24 F.3d 20, 27 (9th Cir.1994) ("Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel.") (citations omitted).

■ 2. A trial court has discretion to re-open a proceeding to allow for the introduction of newly discovered evidence of critical importance. *See People v. Newton,* 8 Cal.App.3d 359, 381–84, 87 Cal.Rptr. 394 (1st Dist.1970). However, Overstreet's tattoos were not newly discovered evidence and given the weight of evidence against Overstreet, the tattoos were of limited exculpatory value in this case. Even if Overstreet's attorney had moved to reopen, it is doubtful that the trial judge would have exercised his discretion to reopen the proceedings. Therefore, a reasonable attorney could have concluded that such an objection would be futile. *See James,* 24 F.3d at 27.

3. Although the record does not offer any insight into the details of the tattoos, it is entirely possible that Overstreet's attorney had valid strategic reasons for not introducing Overstreet's tattoos into evidence during trial. *See Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (holding that "strategic choices [made by defense counsel] are virtually unchallengeable"). Perhaps the tattoos were offensive, inconspicuous, or even non-existent. Based on the record before us, there is simply no way to know. Yet, it is ultimately Overstreet's burden to prove his counsel's decision was not sound trial strategy, and he has not carried this burden. *See Kimmelman v. Morrison,* 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) ("Counsel's competence ... is presumed, and the [petitioner] must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.") (citation omitted).

■ 4. Even if Overstreet's counsel's performance was deficient in any respect, Overstreet cannot show that he suffered prejudice as a result of his counsel's deficient performance. *See Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. The evidence against Overstreet at his trial was overwhelming. Overstreet confessed to the crime; his fingerprints were found at the scene; his car was identified and located by the victim after the robbery; and the victim got a clear view of him prior to and immediately after the robbery. Given the weight of this evidence, Overstreet cannot show that had the jury seen his tattoos, the outcome of his trial would have differed. *See id.* at 694, 104 S.Ct. 2052.

AFFIRMED.